UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| BRIAN STREET, | ) |
| | ) |
| Plaintiff, | )  1:22-CV-00297-DCLC-SKL |
| | ) |
| v. | ) |
| | ) |
| CSX TRANSPORTATION, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Partial Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 12]. The motion is fully briefed and ripe for review. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff Brian Street worked for CSX Transportation, Inc. ("CSX") as a railroad signal maintainer [Doc. 1, ¶ 14]. On April 14, 2020, CSX sent Plaintiff to investigate a railroad street grade crossing defect at the crossing on Vine Street in Wartrace, Tennessee ("Vine Street crossing"), a location which was not on Plaintiff's assigned territory and where he had not worked before [*Id*. at ¶¶ 14, 15]. In front of the signal control case door at the Vine Street crossing, there was a large pile of scrap grade crossing components and debris left over from railroad track work [*Id*. at ¶ 16]. Although Plaintiff entered the signal control case successfully, he fell upon exiting the case and injured his right knee [*Id*. at ¶ 17]. Plaintiff reported the injury to CSX and his supervisor Robert Whitley ("Whitley") [*Id*. at ¶¶ 3, 18]. However, Plaintiff declined medical attention at the time due to the fear of being fired [*Id*. at ¶ 19].

1

The next morning, Whitley and a CSX official took a statement from Plaintiff and discussed the incident at Whitley's office in Murfreesboro, Tennessee [*Id*. at ¶ 20]. Despite his knee injury, Plaintiff continued to work due to the fear of being fired [*Id*.]. However, the condition of his right knee worsened, and, on July 3, 2020, Plaintiff advised Whitley that he needed to get medical attention [*Id*.]. Whitley convinced Plaintiff to wait until the next Monday, July 6, 2020, to see if his knee would get any better [*Id*.]. The next Monday, Plaintiff's knee had not improved, so he went to Whitley's office and Whitley drove him to the emergency room ("ER") [Doc. 1, ¶ 22]. The ER doctor gave Plaintiff a prescription for pain medication and recommended that he get an MRI and be examined by an orthopedic surgeon [*Id*. at ¶ 22]. Plaintiff received a form with the foregoing information from the ER doctor, which he gave to Whitley [*Id*. at ¶¶ 22, 23].

Whitley asked Plaintiff if he was going to take the prescribed mediation and Plaintiff told him no, because he thought he would be fired if he did [*Id*. at ¶ 23]. At the direction of Whitley, Plaintiff went back into the hospital to have the prescription removed from the form [*Id*.]. A nurse took the form and brought it back to Plaintiff with the prescription crossed out [*Id*.]. He then gave the form back to Whitley [*Id*.]. When the two returned to Whitley's office, Plaintiff went out for lunch [*Id*. at ¶ 25]. Upon returning to the office, Plaintiff saw a return-to-work form on Whitley's desk without the crossed-out prescription on it [*Id*.]. Whitley then informed Plaintiff that he had gone back to the hospital to get another form without the prescription on it [*Id*.].

On July 9, 2020, Plaintiff followed up with an orthopedic surgeon in Murfreesboro and, on July 23, 2020, he had surgery on his right knee [*Id*. at ¶ 27]. On August 16, 2020, CSX deemed Plaintiff's knee injury to be non-work-related [*Id*. at ¶ 29]. Thus, Plaintiff had to pay all copays and deductibles associated with the injury and CSX did not report the injury to the Federal Railroad Administration ("FRA") [*Id*. at ¶¶ 29, 30]. Plaintiff alleges Whitley's requests for him to not seek

2

medical treatment and his procurement of a form omitting Plaintiff's prescription were intended to cover up the incident so that it could be deemed to be non-work-related and not reportable to the FRA and an attempt to interfere with Plaintiff's medical treatment [*Id*. at ¶ 34]. Plaintiff further alleges that CSX's Chief Medical Officer Dr. Craig Heligman ("Dr. Heligman") and CSX's Senior Manager of Accident Reporting and Compliance Tuesdi Sweatt ("Sweatt"), both of whom were members of the injury review committee, deemed the injury to be non-work-related to avoid paying a significant portion of Plaintiff's medical treatment, to aid in the defense of any claims brought by Plaintiff, and to avoid proper reporting of an on-the-job injury to the FRA [*Id*. at ¶ 35].

Based on the foregoing, Plaintiff filed a complaint with the Regional Administrator of Occupation Safety and Health Administration ("OSHA") on October 2, 2020 [*Id*. at ¶ 8]. The Secretary of Labor issued its decision dismissing Plaintiff's claims on October 4, 2021 [*Id*. at ¶ 9]. Plaintiff appealed and requested a hearing before the Office of Administrative Law Judges [*Id*. at ¶ 10]. On November 30, 2022, with no final decision on his administrative complaint, Plaintiff initiated the instant action alleging negligence under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*., against CSX (Count One) and violations of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109, against CSX, Whitley, Sweatt, and Dr. Heligman (Count Two) [Doc. 1]. Defendants now move to dismiss Count Two of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted and all claims against Sweatt and Dr. Heligman pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction [Doc. 12].

II.    **LEGAL STANDARDS**

A motion to dismiss under Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true. *Meador v. Cabinet*

3

*for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). To survive dismissal, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

When faced with a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). Thus, the plaintiff must make a "prima facie showing that personal jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In determining whether personal jurisdiction exists, the Court "'must consider the pleadings and affidavits in the light most favorable to the plaintiff.'" *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980) (quoting *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 571 (S.D. Fla. 1978)).

### III. DISCUSSION

In Count Two of the Complaint, Plaintiff alleges "Retaliation Claims" under 49 U.S.C. § 20109 [Doc. 1, ¶¶ 40–43]. In his response brief, however, Plaintiff indicates that he is suing under Section 20109(c) for Defendants' interference with his medical treatment and finding that his injury was non-work-related [Doc. 21, pgs. 2, 16]. Section 20109(c) provides, in relevant part:

> **(c) Prompt medical attention.—**
>
> **(1) Prohibition.**—A railroad carrier or person covered under this section may not deny, delay, or interfere with the medical or first aid treatment of an employee who is injured during the course of employment. If transportation to a hospital is requested by an employee who is injured during the course of employment, the

4

> railroad shall promptly arrange to have the injured employee transported to the nearest hospital where the employee can receive safe and appropriate medical care.
>
> **(2) Discipline.**—A railroad carrier or person covered under this section may not discipline, or threaten discipline to, an employee for requesting medical or first aid treatment, or for following orders or a treatment plan of a treating physician . . . . For purposes of this paragraph, the term "discipline" means to bring charges against a person in a disciplinary proceeding, suspend, terminate, place on probation, or make note of reprimand on an employee's record.

49 U.S.C. § 20109(c). The Sixth Circuit, in interpreting the foregoing provisions, has held that "subsection (c)(1) defines the substantive protection against interference, which is then followed by a supplemental protection against retaliation in subsection (c)(2)." *Grand Trunk W. R.R. Co. v. United States Dep't of Lab.*, 875 F.3d 821, 826 (6th Cir. 2017). Together, the two provisions "ensure[ ] railroad employees receive . . . attention for on-the-job injuries and occupational illnesses and do not face discipline or retaliation for doing so." *Id*.

Defendants assert that Plaintiff has failed to state a claim for interference under subsection (c)(1) or retaliation under subsection (c)(2) [Doc. 13, pg. 19]. As an initial matter, the Court finds that Plaintiff has failed to plausibly allege any discipline as required for a retaliation claim. The adverse action alleged by Plaintiff includes: (1) Whitley's intimidation and request to have the prescription removed from the ER form; (2) Whitley's procurement of a new form without the prescription on it; and (3) the finding by CSX, Dr. Heligman, and Sweatt that his injury was non-work-related [Doc. 1, ¶¶ 24, 26, 33]. None of the foregoing alleged actions constitute "discipline" as that term is defined under subsection (c)(2). *See* 49 U.S.C. § 20109(c)(2) ("[T]he term "discipline" means to bring charges against a person in a disciplinary proceeding, suspend, terminate, place on probation, or make note of reprimand on an employee's record."). Plaintiff does not allege that any Defendant brought charges against him in a disciplinary proceeding, suspended or terminated him, placed him on probation, or so much as made a note of reprimand

5

on his record.  Accordingly, Plaintiff has failed to state a claim for retaliation under Section 20109(c)(2).[1]

Upon review of the Complaint, Plaintiff also fails to state a claim for interference with medical treatment.  Plaintiff's Complaint is comprised of two counts—(1) "Negligence Personal Injury Claims (45 U.S.C. § 51, et seq.)" and (2) "Retaliation Claims (49 U.S.C. § 20109)" [*See generally* Doc. 1].  The only mention of interference with medical treatment is contained in Paragraph 34, in which Plaintiff avers that "Whitley's requests to Plaintiff to not seek medical treatment and his procurement of a form omitting the prescription were obviously intended to cover up the incident so that it could be deemed non-work-related and not reportable to the FRA and thus was an attempt to illegally interfere with Plaintiff's medical treatment and was an adverse action" [Doc. 1, ¶ 34].  Plaintiff does not reference subsection (c)(1) anywhere in his Complaint and the allegations in Count Two refer only to alleged protected activity and adverse action taken in retaliation for that protected activity [*See* Doc. 1, ¶¶ 41–43].

Even assuming Plaintiff's single reference to interference with medical treatment could be interpreted as asserting a claim for relief under subsection (c)(1), it is insufficient to state a claim for relief that is plausible on its face.  As Defendants argue, subsection (c)(1) "prohibits an employer from denying, delaying, or interfering with prompt medical treatment or first aid *only during the time period immediately following a workplace injury*."  *Wevers v. Montana Rail Link, Inc.*, ARB No. 2016-0088, ALJ No. 2014-FRS-00062, 2019 WL 3293920, at *12 (June 17, 2019) (emphasis added).  Even construing the Complaint in the light most favorable to Plaintiff and accepting the factual allegations therein as true, Plaintiff has failed to allege that Whitley, or any

---

[1] Because the retaliation claim is the only claim Plaintiff has alleged against Defendants Sweatt and Heligman, the issue of personal jurisdiction is rendered moot by the dismissal of this claim under Rule 12(b)(6).

6

other Defendant, denied, delayed, or interfered with medical treatment or first aid immediately following Plaintiff's injury. In fact, he alleges he declined medical treatment immediately after the April 2020 incident. In sum, Plaintiff has failed to state a claim for interference with medical treatment under Section 20109(c)(1).

## IV.  CONCLUSION

Accordingly, for the reasons stated herein, Defendants' Motion to Dismiss [Doc. 12] is **GRANTED**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge